IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| RENITA JOHNSON, as parent and next of kin of RAE'QUAN WILSON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF RANDY RIGDON, in his Official Capacity as the Sheriff of Wheeler County, WHEELER COUNTY, GEORGIA, and BRANDON ZUCKERMAN,<br><br>Defendants. | CIVIL ACTION NO.<br><br>CV323-71 |

## **COMPLAINT**

COMES NOW, RENITA JOHNSON, as parent and next of kin of RAE'QUAN WILSON, deceased, by and through undersigned counsel, and files this her Complaint, as follows:

## **PARTIES**

1.  RENITA JOHNSON is the natural mother and next of kin of RAE'QUAN WILSON and proceeds in this action to recover damages for the wrongful death of her son who was killed on October 19, 2022.

2.  RENITA JOHNSON is a resident of the State of Florida.

3. RAE'QUAN WILSON, at the time of his death on October 19, 2022, was a resident of the State of Florida.

4. Defendant RANDY RIGDON is a resident of Wheeler County, Georgia, and the duly elected sheriff of Wheeler County, who may be served at the Wheeler County Sheriff's Office, 21 Forest Ave, Alamo, GA 30411.

5. Defendant WHEELER COUNTY is a county government and a subdivision of the State of Georgia created by the General Assembly to be a body corporate and has the power to be sued pursuant to O.C.G.A. § 36-1-3. Defendant WHEELER COUNTY may be served by serving the Chairman of the Wheeler County Commissioners, Keith McNeal, 20 West Forest Avenue, Alamo, GA 30411.

6. Upon information and belief, Defendant BRANDON ZUCKERMAN is a resident of Wheeler County, State of Georgia, and may be personally served at the Wheeler County Sheriff's Office, 21 Forest Ave, Alamo, GA 30411.

7. At all times relevant to this action, Defendant BRANDON ZUCKERMAN was a deputy sheriff and an employee of WHEELER COUNTY, acting in his individual and official capacities as that employee.

8. Defendant RANDY RIGDON is sued in his official capacity as the employer of Defendant BRANDON ZUCKERMAN, who cannot be sued personally under O.C.G.A. § 36-92-3 for negligence in the use of a motor vehicle within the scope of his employment.

9. Defendant BRANDON ZUCKERMAN is sued in his individual capacity to the extent that he was acting outside the scope of his employment at the time of the subject collision.

10. This suit is brought against Defendants RANDY RIGDON and WHEELER COUNTY under O.C.G.A. § 36-92-2 and O.C.G.A. § 33-24-51 waiving sovereign immunity for motor vehicle collisions up to a $500,000 statutory limit which is subject to increase to the extent of liability coverage.

11. Upon information and belief, Defendant WHEELER COUNTY had purchased liability insurance to provide liability coverage and to cover the losses where are the subject matter of this action. By doing so, Defendant WHEELER COUNTY has waived its sovereign immunity to the extent of said policy of insurance, which is upon information and belief, One Million Dollars and no Cents ($1,000,000).

12. Defendants are not entitled to sovereign immunity.

13. O.C.G.A. § 36-11-1 requires that all claims against counties be presented within twelve (12) months after they accrue or become payable. This Complaint satisfies said twelve-month presentment requirement. Further, a written notice of claim dated February 14, 2023, was sent via United States Certified Mail, Return Receipt, to the Wheeler County Sheriff's Department and Wheeler County. A true and correct copy of the notice of claim is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

14. Plaintiff and her next of kin, residents of the State of Florida, and Defendants, residents of the State of Georgia, are completely diverse pursuant to 28 U.S.C § 1332.

15. Plaintiff seeks damages, in an amount in excess of $75,000, for the wrongful death of RAE'QUAN WILSON and for the full economic and non-economic value of his life lost as a result of Defendants' actions and inaction.

16. This Court has jurisdiction pursuant to 28 U.S.C § 1332.

17. All of the actions, omissions, and events complained of herein took place in Wheeler County, Georgia and / or Telfair County, Georgia, both of which are within the Dublin Division of the Southern District of Georgia. Defendants are residents of the Dublin Division of the Southern District of Georgia. Accordingly, venue properly lies in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

18. Plaintiff realleges paragraphs 1 through 17, above as if they were set forth herein, verbatim.

19. On or about October 19, 2022, at approximately 3:00 a.m., Mt. Vernon Police Department Officer Mickey Moore attempted to initiate a traffic stop of an individual by the name of Trevoreon Mitchell.

20. At the time in question, Trevoreon Mitchell was operating a 2009 Honda Accord.

21. At the time in question, RAE'QUAN WILSON and Tomorion Freeman were passengers in the 2009 Honda Accord driven by Trevoreon Mitchell.

22. Upon information and belief, Mt. Vernon Police Department Officer Mickey Moore first observed Trevoreon Mitchell travelling west on US Highway 280, within Mt. Vernon, Montgomery County, Georgia.

23. Upon information and belief, with his lights and siren in operation, Mt. Vernon Police Department Officer Mickey Moore pursued Trevoreon Mitchell at speeds in excess of 100 miles per hour.

24. Upon information and belief, Mt. Vernon Police Department Officer Mickey Moore continued his pursuit of the Honda Accord driven by Trevoreon Mitchell beyond the jurisdictional limits of Mt. Vernon, and Montgomery County, into Wheeler County, Georgia.

25. Upon information and belief, Mt. Vernon Police Department Officer Mickey Moore discontinued his pursuit in Glenwood, Wheeler County, Georgia at or around 3:08 a.m. on October 19, 2022.

26. Upon information and belief, Trevoreon Mitchell drove to the Circle K at 101 West 2nd Avenue, Glenwood, Georgia (the "Circle K").

27. Upon information and belief, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN approached said Circle K.

28. Upon information and belief, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN noticed a passenger of the Honda Accord "kind of looked at [him] funny."

29. Upon information and belief, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN spoke with an employee or agent of Circle K, and he asked the Circle K employee or agent if "they looked like they were in a hurry."

30. Upon information and belief, the employee or agent of Circle K responded to Wheeler County Sheriff Deputy BRANDON ZUCKERMAN, "yeah."

31. Upon information and belief, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN identified the license plate on the Honda Accord driven by Trevoreon Mitchell.

32. Upon information and belief, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN pursued the Honda Accord driven by Trevoreon Mitchell.

33. Upon information and belief, there was no probable cause *per se* to effectuate an actual arrest of Trevoreon Mitchell for anything other than a minor traffic violation at the time.

34. Nonetheless Wheeler County Sheriff Deputy BRANDON ZUCKERMAN attempted to initiate a traffic stop of Trevoreon Mitchell, allegedly, because he was speeding.

35. After attempting to initiate a traffic stop of the Honda Accord, Trevoreon Mitchell began to flee from Wheeler County Sheriff Deputy BRANDON ZUCKERMAN proceeding on State Route 19 towards Lumber City, Georgia.

36. Once Trevoreon Mitchell attempted to flee the attempted traffic stop initiated by Wheeler County Sheriff Deputy BRANDON ZUCKERMAN, Deputy ZUCKERMAN gave chase to Trevoreon Mitchell.

37. Upon information and belief, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN was aware of multiple passengers in the Honda Accord he was actively pursuing.

38. As Trevoreon Mitchell was actively attempting to elude Wheeler County Sheriff Deputy BRANDON ZUCKERMAN and was fleeing from him, he engaged in increasingly dangerous behavior and posed a substantial risk of danger to innocent members of the motoring public, as well as the occupants of the vehicle Trevoreon Mitchell was driving.

39. Notwithstanding the fact that Trevoreon Mitchell posed a considerable risk of danger to innocent members of the motoring public and the occupants of the vehicle he was driving, Wheeler County Sheriff Deputy BRANDON

ZUCKERMAN used and operated his Wheeler County-issued motor vehicle to negligently and recklessly continue his pursuit of Trevoreon Mitchell well after he should have disengaged from it.

40. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN continued his high-speed pursuit, crossing into Lumber City, Telfair County, Georgia.

41. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN continued his high-speed pursuit into a residential area within Lumber City, Georgia.

42. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN continued his high-speed pursuit across railroad tracks within Lumber City, Georgia.

43. Trevoreon Mitchell lost control of the Honda Accord near a residence located at 15 Victoria Street, Lumber City, Georgia.

44. The Honda Accord struck a tree in front of the residence at 15 Victoria Street, Lumber City, Georgia.

45. RAE'QUAN WILSON was killed when the Honda Accord struck the tree.

46. For many years, the law enforcement community has understood that unregulated high speed pursuit cases could pose unreasonable dangers to innocent third parties who could be killed or injured either by the suspect or police during a high-speed chase.

47. WHEELER COUNTY recognizes that high speed police pursuit cases can kill and injure innocent third parties particularly if there are no standards for law enforcement officers to follow in such situations.

48. In recognition of the dangers attendant to high-speed pursuit cases, WHEELER COUNTY and the Wheeler County Sheriff's Department adopted procedures designed to substantially reduce and/or eliminate dangers to innocent third parties during high-speed pursuit situations.

49. Attached hereto as Exhibit "B," is a copy of the Standard Operating Procedure adopted by the Wheeler County Sheriff's Department and WHEELER COUNTY relative to procedures to be followed by law enforcement personnel in its employ during a potential or actual high-speed chase.

50. Said Standard Operating Procedure attached hereto as Exhibit "B" was designed to reduce and / or eliminate the risk of unregulated high speed pursuit cases occurring inside of WHEELER COUNTY.

51. Upon information and belief, Exhibit "B" is a true and correct copy of the Standard Operating Procedure with respect to high-speed pursuits and was in effect on the date of the subject incident.

52. Exhibit "B" directs that members of the Wheeler County Sheriff's Office "must use only the force that is reasonably necessary to bring an incident under control. It is paramount that members exercise prudent and sound judgment

in their actions when engaging in pursuits. Members must comply with existing laws governing vehicle pursuits. At the same time, they must use sound discretion and good judgment in each pursuit. It must be understood that every violator will not be apprehended. In some situations, that most professional and reasonable decision would be to terminate a pursuit in the interest of their own and the public's safety."

## COUNT I – NEGLIGENCE / RECKLESSNESS

53. Plaintiff realleges paragraphs 1 through 52, above as if they were set forth herein, verbatim.

54. Defendants were under a duty to exercise due care in initiating and continuing the pursuit of Trevoreon Mitchell so as not to cause unreasonable harm to the public.

55. Upon information and belief, even if Wheeler County Sheriff Deputy BRANDON ZUCKERMAN may have acted properly in initiating the traffic stop of Trevoreon Mitchell, once it became clear that he was not going to stop for him and was engaged in behavior extremely dangerous to others, it was unreasonable for Wheeler County Sheriff Deputy BRANDON ZUCKERMAN to continue his pursuit of him under the circumstances which existed at the time and places in question.

56. The conditions which prevailed during the pursuit of Trevoreon Mitchell by Wheeler County Sheriff Deputy BRANDON ZUCKERMAN contained

heightened risks of injury to innocent third parties such that Deputy ZUCKERMAN was required by Wheeler County Sheriff's Department policy set forth in Exhibit "B" to disengage his pursuit. His negligent and reckless failure to do so was a proximate cause of a subsequent collision between the Honda Accord and a tree when during the pursuit Trevoreon Mitchell lost control of the Honda, ran off the road near 15 Victoria Street, Lumber City, Georgia, and struck a tree, with the result that Plaintiff's son, RAE'QUAN WILSON, a passenger in the Honda, was killed.

57. A proximate cause of the collision at issue and the death of RAE'QUAN WILSON was the negligence, the recklessness, and the reckless disregard of proper police procedure by Wheeler County Sheriff Deputy BRANDON ZUCKERMAN when he failed to disengage from his pursuit with his WHEELER COUNTY-issued motor vehicle of Trevoreon Mitchell after it became clear that the risk of injury to innocent third parties was greater than the need to apprehend Trevoreon Mitchell and posed a considerable risk of danger to the innocent public.

58. At all times pertinent to the events alleged herein, there was a lack of supervision of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN's actions, to include his use and operation of his WHEELER COUNTY-issued motor vehicle, which lack of supervision, in and of itself, was negligent, reckless and in

reckless disregard of proper police procedure and a proximate cause of Plaintiff's damages.

59. Because Wheeler County Sheriff Deputy BRANDON ZUCKERMAN was negligent, reckless and recklessly disregarded proper law enforcement procedures in his decision to continue his pursuit of Trevoreon Mitchell after it became known that he posed a substantial risk of danger through his negligent and reckless driving, Wheeler County Sheriff Deputy BRANDON ZUCKERMAN's continued pursuit of Trevoreon Mitchell by use and operation of his WHEELER COUNTY-issued motor vehicle was negligent, reckless and in reckless disregard of proper police procedure and constituted a proximate cause of the death of RAE'QUAN WILSON for which Defendants WHEELER COUNTY and RANDY RIGDON are responsible under the provisions of O.C.G.A. § 40-6-6(d)(2).

60. Defendant WHEELER COUNTY is both vicariously responsible for the acts of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN and is independently responsible to the Plaintiff because of the negligence, recklessness and reckless violation of proper police procedure described herein.

61. Defendant RANDY RIGDON is both vicariously responsible for the acts of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN and is independently responsible to the Plaintiff because of the negligence, recklessness and reckless violation of proper police procedure described herein.

62. Defendant WHEELER COUNTY is responsible for the negligence of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN since his negligence occurred within the course and scope of Deputy ZUCKERMAN's official duties and/or employment.

63. Defendant RANDY RIGDON is responsible for the negligence of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN since his negligence occurred within the course and scope of Deputy ZUCKERMAN's official duties and/or employment.

## COUNT II – BREACHES OF MINISTERIAL DUTIES

64. Plaintiff realleges paragraphs 1 through 63, above as if they were set forth herein, verbatim.

65. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN had a duty to exercise ordinary care in performing his duties with regard to the pursuit described above.

66. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN breached his duties and neglected to perform, or improperly or unskillfully performed, his ministerial duties in failing to follow WHEELER COUNTY's and the Wheller County Sheriff's Department's internal policies, procedures, or guidelines governing high-speed pursuits.

67. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN's breach of his ministerial duties proximately caused RAE'QUAN WILSON's injuries and damages.

68. Wheeler County Sheriff Deputy BRANDON ZUCKERMAN is liable for his breach of his ministerial duties.

69. WHEELER COUNTY is liable for the negligent acts and / or omissions of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN under the doctrines of agency, *respondeat superior*, and / or other theories of vicarious liability.

70. RANDY RIGDON is liable for the negligent acts and / or omissions of Wheeler County Sheriff Deputy BRANDON ZUCKERMAN under the doctrines of agency, *respondeat superior*, and / or other theories of vicarious liability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have a judgment against Defendants for negligence, in an amount in excess of $75,000, the exact amount to be determined by the enlightened conscience of the jury for the wrongful death of RAE'QUAN WILSON and for the

full economic and non-economic value of his life lost as a result of Defendants' actions and inactions;

(d) That Plaintiff have such other and further relief as this Court may deem just, proper, and equitable;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

This 23rd day of August, 2023

Edgar M. Smith
Georgia Bar No. 683836
*Attorney for Plaintiff*

**MORGAN & MORGAN**
200 Stephenson Ave, Suite 200
Savannah, Georgia 31405
T: (912) 244-5401
F: (912) 443-1125
edgarsmith@forthepeople.com